UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

**LINDA ROSE GHAFFARI,**

    Debtor.             No. **11-12331 s11**

**DEBTOR'S PLAN OF REORGANIZATION
DATED MARCH 15, 2012**

Linda Rose Ghaffari (hereafter "Debtor"), proposes the following Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code.

TABLE OF CONTENTS

| ARTICLE | SUBJECT | PAGE |
|---|---|---|
| 1 | Definitions and Abbreviation | 2 |
| 2 | General Provisions | 4 |
| 3 | Classification of Claims and Interests | 5 |
| 4 | Impairment of Claims | 7 |
| 5 | Treatment of Unexpired Leases and Executory Contracts | 8 |
| 6 | Treatment of Claims and Interests | 8 |
| 7 | Execution and Implementation of Plan | 11 |
| 8 | Retention of Jurisdiction | 13 |
| 9 | Resolution of Claims Disputes | 13 |
| 10 | Distribution Agent | 15 |
| 11 | Request for and Effect of Confirmation | 15 |

# ARTICLE 1
# DEFINITIONS AND ABBREVIATIONS

**1.1.** For purposes of this Plan and the Disclosure Statement, unless the context requires otherwise, the following definitions will apply:

**1.1.1. Acceptance by a Class**: The Acceptance of the Plan by a class of claims or interests as provided for in Section 1126 of the Code and any applicable Rules, Local Rules or case law.

**1.1.2. Acceptance of Plan**: Any acts, or failure to act, by the holder of a claim or interest, whether allowed or not, which evidences the approval of, or acquiescence in, the provisions of the Plan, including but not limited to the affirmative vote by the holder of a claim or interest in favor of the Plan, by ballot, or the failure of the holder of a claim or interest to affirmatively reject the Plan.

**1.1.3. Clerk**: The Clerk of the U.S. Bankruptcy Court for the District of New Mexico, whose mailing address is P.O. Box 546, Albuquerque, New Mexico 87103, and whose office is located on the United States Bankruptcy Court, District of New Mexico, Dennis Chavez Federal Building & U. S. Courthouse, 500 Gold Avenue SW, Tenth Floor, Albuquerque NM 87102.

**1.1.4. Code**: The Bankruptcy Code; §11 U.S.C. 101 *et. seq.*, as amended.

**1.1.5. Collateral Order**: Any Cash Collateral Order or other Order restricting or conditioning the Debtor's use of collateral, or conditioning the application of the automatic stay as to collateral, entered by the Court.

**1.1.6. Committee**: The Unsecured Creditors Committee, if any, as the same may be constituted during this Proceeding.

**1.1.7. Confirmation**: Entry of an Order Confirming this Plan.

**1.1.8. Consummation of the Plan**: Performance by the Debtor of all steps necessary to effectuate the provisions of the Plan, including, but not limited to, the execution and delivery of any instruments or documents provided for by the Plan to evidence the debts and obligations provided for after Confirmation, and the appointment and acceptance of any Distribution Agent or other agency provided for by the Plan. Consummation shall not be construed to include payment by the reorganized Debtor, or by any other entity, of any debts or obligations provided for in the Plan except those required to be paid upon Confirmation. Notwithstanding the foregoing, substantial consummation of the Plan will occur upon performance by the reorganized Debtor of any substantial act required by the Plan.

**1.1.9. Court**: The United States Bankruptcy Court for the District of New Mexico.

**1.1.10. Debtor**: Linda Rose Ghaffari, during the pendency of this Proceeding.

**1.1.11. Disclosure Statement**:  The Disclosure Statement filed in this Proceeding, in conjunction with the Plan, as such Disclosure Statement is amended or modified during this Proceeding.

**1.1.12. Effective Date**: The first day of the first month next following the date upon which an Order confirming this Plan becomes final.

**1.1.13. Entered**: Entered on the Court's docket.

**1.1.14. Local Rules**:  The Local Rules of practice before the Court, as amended.

**1.1.15. Operating Reports**:  The monthly reports filed with the Clerk relating to the Debtor's post-petition business operations.

**1.1.16.  Plan**:  The Plan of Reorganization, as filed, amended, corrected and modified in this Proceeding.

**1.1.17. Pre-Petition**:  Prior to May 20, 2011.

**1.1.18. Post-Petition**:  On or after May 20, 2011.

**1.1.19. Proceeding**:  This Chapter 11 proceeding (**11-12331-s11**) and all adversary or other proceedings related hereto which were filed, are pending, or may be filed with the Court.

**1.1.20. Rules**:  The Federal Rules of Bankruptcy Procedure, as amended.

**1.1.21. Trustee Fees**:  Any fees required to be paid to the U.S. Trustee as a result of, or in connection with this Proceeding.

**1.1.22.  U.S. Trustee**:  The Office of the United States Trustee, whose address is P.O. Box 608, Albuquerque, NM 87103, its deputies, agents and employees.

**1.2.** For purposes of this Plan and the Disclosure Statement, unless the context requires otherwise, the following abbreviations may be used to describe the following:

**1.2.1. Bank of America:** Bank of America, N.A.

**1.2.2.  NMTRD:** The New Mexico Taxation & Revenue Department.

**1.2.3. Wells Fargo:** Wells Fargo Financial National Bank.

# ARTICLE 2
# GENERAL PROVISIONS

For purposes of the Plan, the following general provisions will apply:

**2.1.** The date of an Order, Motion or other Pleading required to be filed with the Court shall be the date that the document is filed with the Court.

**2.2.** The date of any other paper not required to be filed, but required to be served, shall be the date actually served, by whatever means service may be allowed under the circumstances by the Code, Rules or Local rules.

**2.3.** All payments required to be made pursuant to the Plan, or pursuant to any notes or other instruments to be issued pursuant to the Plan, shall be due on the first day of the month, if the payments are monthly, and on the first day of January, April, July and October, if payments are quarterly, and on the first day of January, if payments are annual, unless otherwise expressly provided herein, or unless the claim is unimpaired under the Plan.

**2.4.** Unless otherwise specified herein, the first payment or installment due under any provision of this Plan, or under any note or instrument provided for in the Plan, shall be on the first due date as described in Article 2.3 above, next following the Effective Date, except for payments on unimpaired claims.

**2.5.** Whenever the Plan provides for a debt or obligation, or a note or instrument evidencing a debt or obligation, to bear interest at a specific rate, and the class of claims or interests to be replaced, satisfied or evidenced by such debt or obligation rejects the Plan on account of the rate of interest so proposed, or objects to the Plan on account of such rate of interest, the Court, at a hearing on Confirmation, may consider such rate of interest and accept any offered evidence or argument in support or opposition thereof and make a determination that the proposed rate of interest is appropriate or not. If the Court, after such consideration, finds the proposed rate of interest to not be appropriate under the Code, it may determine what rate of interest would be appropriate, in which case the Debtor may, without further notice or hearing, amend or modify the Plan to provide such rate of interest on such obligation as the Court determines to be appropriate and proceed to obtain Confirmation of the Plan, as so amended or modified.

**2.6.** Any obligation or payment imposed by this Plan shall be pre-payable without penalty.

**2.7.** All obligations to make payments provided for under this Plan, and all instruments in evidence thereof, shall have a grace period of fifteen (15) days after written notice of failure to pay before such failure to pay shall constitute a default thereof.

**2.8.** Any notice required to be given to Debtor, or to the reorganized Debtor, shall be sent by certified mail to her mailing address: 9531 Via Salerno, Burbank, CA 91504**,** unless the person

4

required to give Notice has been notified in writing of a change of address, or unless such person has actual knowledge of a different address at which the reorganized Debtor may be notified.

    **2.9.** After confirmation, the provisions of all Collateral Orders entered in this proceeding shall be merged into this Plan and the Order of Confirmation, and the provisions of such orders shall then be of no further force and effect, except as the same may be contained in this Plan, or in the Order confirming this Plan.

    **2.10.** For purposes of this Plan, each sub-class of claims (*e.g.* IIIB) within a Class shall constitute a "class" of claims as defined in the Code, and the fact that various sub-classes of claims are described as being within one general class is for descriptive purposes only.

    **2.11.** After Confirmation, the Debtor may, with approval of the Court, remedy any defect or omission, or reconcile any inconsistency in the Plan, or in the Confirmation Order, as necessary to carry out the purposes and the intent of the Plan.

    **2.12.** Unless otherwise expressly provided in this Plan, if there is a default (as defined in paragraph 2.7 above) in any payment required under this Plan to be made by the Reorganized Debtor, the holder of such claim may (1) give notice to the Reorganized Debtor of its election to accelerate the balance then remaining, declaring the same to be immediately due and payable, (2) enforce all collateral rights, and (3) initiate a collection action in any court of competent jurisdiction, subject only to the right of the Reorganized Debtor to "de-accelerate" its obligations and reinstate the payment provisions set out herein by, within thirty (30) days of notice of acceleration, (1) paying to the creditor all amounts then due under the payment schedule as if acceleration had not occurred, (2) paying to the creditor a late payment penalty of 10% of the defaulted payment, plus any court costs and fees incurred by the creditor. Notwithstanding the foregoing, if there is a default in payment of a claim allowed as a claim of the type described in §507(a)(2) claim, or allowed as a secured claim, if such claim, but for the secured status, would be a claim of the type described in §507(a)(2), then the holder of such claim shall have all non-bankruptcy remedies for the collection of such default amount.

    **2.13.** No provision of this Plan shall prevent the Reorganized Debtor and the holder of any allowed claim herein from agreeing to treatment of such claim in a manner less favorable than is provided for herein.

**ARTICLE 3**
**DESIGNATION AND CLASSIFICATION OF CLAIMS AND INTERESTS**

    Claims and interests in this Proceeding are designated as being either "Unclassified" or "Classified" pursuant to §1123(a)(1).

    **3.1. Unclassified Claims**: All claims for administrative expenses pursuant to §507(a)(2), or arising during an "involuntary gap" (if applicable), pursuant to §507(a)(3), or for pre-petition

unsecured claims of governmental units as described in §507(a)(8), are unclassified, and are not allowed to vote on this Plan.

 **3.2. Classified Claims and Interests:** All claims and all interests, other than those described in subparagraph 3.1, above, are classified as follows:

  **3.2.1. Class 1**: Allowed claims entitled to priority pursuant to §507, other than those described in subparagraph 3.1., above.

  **3.2.2. Class 2**: Allowed claims secured by property of the Debtor, comprising the following sub-classes:

   **Class 2 A:** The claims of the United States of America, secured by a judgment lien against all property and rights to property of the Debtor.

   **Class 2 B:** The claims of the State of New Mexico, secured by a judgment lien against all property and rights to property of the Debtor.

   **Class 2 C**: The claims of NMTRD, secured by a statutory lien against all property and rights to property of the Debtor.

   **Class 2 D:** The claims of McAllen Independent School District, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 E:** The claims of Hidalgo County, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 F:** The claims of Donna Independent School District, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 G:** The claims of the City of McAllen, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 H:** The claims of South Texas College, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 I:** The claims of South Texas Independent School District, secured by a statutory lien against real property located in Hidalgo County, TX.

   **Class 2 J:** The claims of Curry County Tax Assessor, secured by statutory liens against real property located in Curry County, NM.

   **Class 2 K:** The claims of Harding County Tax Assessor, secured by a statutory lien against real property in Harding County, NM.

**Class 2 L:** The claims of Bank of America, secured by a mortgage against real property located at 9531 Via Salerno Unit 33, Burbank, CA 91504.

**Class 2 M:** The claims of Bank of America, secured by a mortgage against real property located at 11323 Blythe St., Sun Valley, CA 91352.

**Class 2 N**: The claims of the HSBC Mortgage Services, Inc., secured by a mortgage against real property located at 5332 Canada Vista Place NW, Albuquerque, NM 87120.

**Class 2 O:** The claims of Compass Bank, secured by a mortgage against real property located at 5332 Canada Vista Place NW, Albuquerque, NM 87120.

**Class 2 P:** The claims of Bank of America, secured by a mortgage against real property located at 4716 Taylor Ridge NW, Albuquerque, NM 87120.

**Class 2 Q:** The claims of EMC Mortgage, secured by a mortgage against real property located at 4716 Taylor Ridge NW, Albuquerque, NM 87120.

**Class 2 R:** The claims of the Wells Fargo, secured by furniture.

**Class 2 S:** The claims of MMCA, secured by a security interest in a 2009 Mitsubishi Gallant.

**Class 2 T:** The claims of Chase Auto Finance, secured by a security interest in a 2006 BMW 325xi.

**Class 2 U:** The claims of Billy Griggs, secured by real estate located at 801 Connelly, Clovis, NM, which is being purchased by the Debtor and Ali Ghaffari under a real estate contract.

**3.2.3. Class 3**: All allowed general unsecured claims, including claims arising from the rejection of executory contracts or unexpired leases, or resulting from deficiencies on under-secured claims.

### ARTICLE 4
### IMPAIRMENT OF CLAIMS AND INTERESTS

**4.1.** Holders of claims in Classes 2C, 2D, 2E, 2F, 2G, 2H, 2I, 2J, 2K, and 3, are impaired by the Plan, and are entitled to vote for or against confirmation of this Plan.

# ARTICLE 5
# TREATMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

**5.1.** The Debtor reserves the right to assume or reject any executory contract or unexpired lease not provided for herein, and not otherwise specifically assumed or rejected, until the Effective Date, at which time any such executory contract or unexpired lease shall be deemed rejected if no motion to assume has been filed and no provision for assumption is made in the Confirmation Order.

**5.2.** An Order approving this Plan herein shall have the effect of Court approval of the assumption of the following leases or executory contracts as of the Effective Date:

**5.2.1.** Any residential or non-residential real estate rental agreements relating to any real property owned by the Debtor as of the Confirmation Date.

**5.2.2.** The real estate contract between Billy Griggs, as seller, and the Debtor, as buyer, for the purchase of real property located at 801 Connelly, Clovis, NM.

**5.3.** An Order approving this Plan herein shall have the effect of Court approval of the rejection of the following leases or executory contracts as of the Effective Date:

**5.3.1.** Any executory contract or lease existing at the time of the filing of the petition herein which has not been expressly assumed, or for which a motion to assume has not been filed, as of the Effective Date.

**5.4.** Any person damaged by the Debtor's rejection of an unexpired lease or executory contract may have a claim against the Debtor which is classified by this Plan as a Class 3 claim as set forth in subparagraph 3.2.3., above. Any such party to a rejected unexpired lease or executory contract shall be required to file with the Court a proof of claim for any such damages within thirty (30) days after the Debtor files and provides notice of such rejection in writing to such party, and shall serve a copy of such proof of claim upon counsel for the Debtor. Service of a copy of this Plan shall constitute service of such notice with respect to any lease or contract not expressly assumed herein. If no such proof of claim is filed, such claim shall be barred herein, and deemed disallowed.

# ARTICLE 6
# TREATMENT OF EXPENSES, CLAIMS AND INTERESTS

**6.1.** Treatment of Expenses:

**6.1.1.** Allowed administrative expenses of the types described in §507(a)(2) shall be paid in full on or before the Effective Date, unless the holder of any such claim agrees (whether expressly or otherwise) to deferred payment thereof, in which case the allowed amount of such administrative expense shall bear interest at the rate of 1% per month during any such deferred

payment period.

      **6.1.2**. Any post-petition expense which is an ordinary course of business expense, as opposed to one for professional fees or administrative expenses incurred herein, shall be paid, and interest shall accrue thereon, according to the provisions of the agreement giving rise to the claim.

      **6.1.3.** In the case of professional fees allowed as administrative expenses, any final Order entered herein on a Final Application for Allowance of Fees shall constitute a judgment in the amount allowed, bearing interest at the Plan rate set out herein, upon which execution and other process may issue without further notice or hearing.

  **6.2.** Treatment of Unclassified Claims:

      Claims of the types described in §507(a)(8) shall be paid pursuant to §1129(a)(9)(C), with monthly payments beginning on the Effective Date sufficient to amortize the amount of the claim with interest at the statutory rate in effect as of the calendar month in which the Plan is confirmed, over the term ending on the fifth anniversary of the petition date, unless the holder of any such claim consents to the claim being otherwise treated, in which event Debtor shall file a modification, approved by the holder of such claim, setting out the agreed treatment of such claim. The agreement by the holder of a claim of the type described in §507(a)(2) to treatment other than would be provided in §1129(a)(9)( C) shall not alter the remedy available to the holder in the event of default in payment of such claim.

  **6.3.** Treatment of Classified Claims:

      **6.3.1.** Class 1 claims shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

      **6.3.2.** The Class 2A claim shall remain unimpaired and shall be paid in full by Ali Ghaffari, the Debtor in *In re: Ali M. Ghaffari Sr.,* U.S. Bankruptcy Court for the District of New Mexico, Case No. 11-14896 s13, through his chapter 13 plan. The Class 2A claim of the United States of America shall remain secured by a judgment lien against all property and rights to property of the Debtor until the Class 2A claim is paid in full.

      **6.3.3.** The Class 2B claim shall remain unimpaired and shall be paid in full by Ali Ghaffari, the Debtor in *In re: Ali M. Ghaffari Sr.,* U.S. Bankruptcy Court for the District of New Mexico, Case No. 11-14896 s13, through his chapter 13 plan. The Class 2B claims of the State of New Mexico shall remain secured by a judgment lien against all property and rights to property of the Debtor until the Class 2B claim is paid in full.

      **6.3.4.** The Class 2C claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for

relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.5.** The Class 2D claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.6.** The Class 2E claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.7.** The Class 2F claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.8.** The Class 2G claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.9.** The Class 2H claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.10.** The Class 2I claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.11.** The Class 2J claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

  **6.3.12.** The Class 2K claim shall be paid in monthly installments sufficient to amortize the amount of the claim over a period ending not later than 5 years after the date of the order for relief with interest at the applicable statutory rate in effect as of the month in which the Plan is confirmed.

**6.3.13.** The Class 2L claim shall remain unimpaired.

**6.3.14.** The Class 2M claim shall remain unimpaired.

**6.3.15**. The Class 2N claim shall remain unimpaired.

**6.3.16.** The Class 2O claim shall remain unimpaired.

**6.3.17.** The Class 2P claim shall remain unimpaired.

**6.3.18.** The Class 2Q claim shall remain unimpaired.

**6.3.19.** The Class 2R claim shall remain unimpaired and payments shall be made to Wells Fargo by Renaissance Labor Management, Inc.

**6.3.20.** The Class 2S claim shall remain unimpaired.

**6.3.21.** The Class 2T claim has been paid in full. If Chase Auto Finance does not amend or withdraw its proof of claim, Debtor will object to the claim as filed.

**6.2.22.** The Class 2U claim shall remain unimpaired.

**6.4.** Allowed Class 3 claims shall be treated as follows:

**6.4.1** Class 3 claims shall be paid a *pro rata* share of $1,200, annually, each year for five years from the Effective Date, with the first payment to be made on the Effective Date.

## ARTICLE 7
## EXECUTION AND IMPLEMENTATION OF THE PLAN

**7.1.** Upon the Effective Date, Debtor shall continue operations and all property of the Estate or of the Debtor shall re-vest in the Reorganized Debtor, subject to the provisions of this Plan and the Order of Confirmation. Present management, as identified in the Disclosure Statement, shall continue to manage the Reorganized Debtor after confirmation.

**7.2.** Unless substitute liens are specifically provided for herein, all holders of allowed secured claims shall retain their pre-petition liens to secure payment of their allowed secured claims pursuant to this Plan. Within 60 days after payment or satisfaction of an allowed secured claim pursuant to this Plan, the holder of such claim shall release its lien. Upon the satisfaction or payment of any secured claim provided for under this Plan, it shall be the affirmative obligation of the holder of such satisfied claim to execute and tender to the Reorganized Debtor, or record, as appropriate, any necessary release or termination statement in order to do so.

**7.3.** The obligations, including obligations of payment of claims, imposed upon the Reorganized Debtor by this Plan, after Confirmation, shall be evidenced by this Plan and any Order of Confirmation, and by any documents or instruments provided for under the Plan, including the pre-petition contracts, notes or other documents not extinguished or substituted for herein, which pre-petition contracts, notes, or documents shall be deemed amended to the extent necessary to conform to the provisions of this Plan and any Order of Confirmation. Unimpaired claims shall be evidenced by the pre-petition contracts or notes. Plan provisions will apply to each class of claims upon the Effective Date, and need not, unless otherwise expressly provided, be reduced to writing and executed by the parties to be binding.

**7.4.** Debtor may receive a bankruptcy discharge on, or before _____, 20__, subject to the following conditions:

**7.4.1.** Debtor has met all terms and conditions of the plan then applicable.

**7.4.2.** All Class 1, 2, and 3 claims are paid in accordance with the plan.

**7.5.** After Confirmation of the Plan, the Reorganized Debtor shall be free to manage its affairs without further Order of this Court. Debtor shall have full authority to collect and sell assets, purchase assets, retain professionals, and compensate professionals for services rendered after confirmation.

**7.6.** The Debtor reserves the right to prosecute any action provided for under Section 542, 543, 544, 545, 547, 548, 549, 550, 553 and 724 of the Code, after confirmation, and to investigate any matter pursuant to Rule 2004, after the Effective Date. Debtor further reserves the right to prosecute any cause of action arising under non-Bankruptcy law, existing as of the filing of the Petition, or accruing during this Proceeding, in any court of competent jurisdiction subject to any applicable statute of limitation, notwithstanding the allowance of any claim herein against the Debtor in favor of any claimant against whom such cause of action might lie.

**7.7.** The Reorganized Debtor shall be free to sell its property after Confirmation, subject to liens thereon and the provisions of this Plan and any Order of Confirmation, and subject to and limited by the terms of the instruments evidencing any such liens, including notes secured thereby, except as such pre-petition instruments may be expressly modified by the terms of this Plan.

**7.8.** Debtor shall not be required to file Operating Reports for any periods after confirmation of the Plan, except for the quarterly reports required by the U.S. Trustee for the purpose of calculating quarterly fees due prior to entry of a Final Decree.

**7.9**. After the Effective Date, the Reorganized Debtor shall seek a Final Decree closing this Proceeding as quickly as is practical. Notwithstanding entry of a Final Decree, the Reorganized Debtor may, with notice only to the U.S. Trustee, and without hearing, obtain an order reopening the case to seek such relief as may be appropriate.

**7.10.** All persons that solicit acceptances or rejections of the Plan, or that participate in the offer, issuance, sale or purchase of securities offered or sold under or in connection with the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, are not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale or purchase of securities.

**7.11.** Neither the Debtor nor any professional person employed by it shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to negotiating, formulating, implementing, confirming, carrying out or implementing the Plan, the Disclosure Statement, or any contract, document, instrument, security, release or other agreement created in connection with the Plan or the solicitation of votes thereon.

**7.12.** The rights and obligations created by this Plan shall be governed and construed by the laws of the State of New Mexico, except to the extent that the Bankruptcy Code is applicable or controlling.

## ARTICLE 8
## RETENTION OF JURISDICTION

**8.1.** The Court shall retain jurisdiction after the Effective Date of this Plan for all purposes provided for by the Code, by this Plan, and by applicable law, including, but not limited to, resolution of claims objections as provided for in the Plan, interpretation or construction of the Plan, hearing and ruling on adversary proceedings provided for in paragraph 7.6 above, and valuation as may be necessary for implementation of the Plan.

**8.2.** The entry of a Final Decree herein shall not deprive the Court of jurisdiction as provided for in paragraph 8.1., and the Reorganized Debtor shall apply for, and, absent other grounds, be entitled to receive a Final Decree administratively closing this Proceeding upon substantial consummation, regardless of the pendency of any matters herein.

**8.3.** The Reorganized Debtor may, with approval of the Court, and so long as doing so does not materially and adversely affect the interests of the holder of a claim or interest herein, remedy or correct any defect or omission, or reconcile any discrepancy or inconsistency in the Plan or Confirmation Order, if necessary to carry out the purposes and intent of the Plan.

## ARTICLE 9
## RESOLUTION OF CLAIMS DISPUTES

**9.1.** Unless the holder of a claim files a proof of claim herein prior to the Effective Date, the amount listed in the Debtor's schedules of debts filed herein shall constitute the allowed amount of such claim. However, the listing of a claim in Debtor's schedules of debts herein shall not preclude objection to such claim by Debtor, even if such claim is not listed as disputed or contingent in the

schedules. Any holder of a claim not listed in the Debtor's schedule of debts filed herein must file a proof of such claim prior to the Effective Date, or else such claim will be barred herein to the fullest extent of the law.

**9.2.** Objections to claims in this proceeding shall be made in writing. Such claims objections shall be filed with the Court, and shall be served upon the holder of the disputed claim, at its address of record herein, and upon its counsel of record, if any, and upon counsel for the Debtor.

**9.3.** Any person or entity with standing to contest a claim herein pursuant to the Code and Rules shall be entitled to file an objection to any claim herein. Any such objection to a claim shall be filed no later than fifteen (15) days after the Effective Date, except that the Debtor may file an objection to any claim within forty-five (45) days after the Effective Date.

**9.4.** After the Effective Date, the Reorganized Debtor shall have the sole power and authority to file proofs of claims for any person having failed to do so, to compromise or settle disputed claims, and may do so without approval of the Court for such compromise.

**9.5.** Claims allowed as of the deadline for objection established pursuant to this Article shall be conclusively fixed for all purposes at such allowed amount, and shall not thereafter be amended except on motion or objection of Debtor.

**9.6.** Any other provision of Article 9 notwithstanding, the holder of any claim disallowed pursuant to Section 502(d) of the Code may pay or turn over to the Debtor any property which constituted the basis of such disallowance within thirty (30) days of the Order disallowing such claim, in which event the claim, plus the principal amount of the money recoverable, shall be automatically allowed providing there is no other pending objection to the claim. Failure to turnover such money or property within such period shall permanently bar such disallowed claim, whether or not the Debtor files any adversary proceeding to recover the subject property or funds pursuant to paragraph 7.6 above.

**9.7.** Claims of holders of secured claims for late charges, default interest, attorney fees, costs or similar additions to the amount of their secured claims accruing post-petition and prior to confirmation shall be allowed only to the extent allowable under the Bankruptcy Code and applicable non-bankruptcy law. No attorney fees, costs, default interest or late charges accruing post-petition and before confirmation shall be allowed unless the holder of a claim therefore files a statement herein, in the form of a supplemental proof of claim, stating the amount claimed, the basis for such claim, an itemization of all such amounts claimed, and, in the case of attorney fees, such supplemental claim shall have attached to it such billing statements supporting such fees as are necessary for the Court to determine whether such fees are reasonable and necessary, and allowable. Such supplemental claim shall be filed within thirty days after Confirmation. If no such supplemental claim is timely filed, such amounts shall be deemed disallowed and such claims shall be barred. If a claim therefore is timely filed, a copy of such claim shall be served by the holder of the claim on Debtor's counsel, and Debtor shall have fifteen days from the date of filing and service

14

of such claim to file and serve an objection thereto. If no timely objection is filed, such amounts shall be allowed. If a timely objection is filed, the Court shall determine the allowable amount of such additional charges.

**9.8.** Payments provided for under the Plan shall not be made on account of any claim which is disputed on the due date of any such payment. Upon subsequent allowance of any such disputed claim, and to the extent only of such allowance, the Reorganized Debtor shall, as soon as is practicable, make distribution on account of such claim all amounts that would have been due on the allowed amount, together with interest at the rate provided for in the Plan.

**9.9.** Claims that are disallowed by any action in this Proceeding, or which are barred by any action or failure to act in this Proceeding, shall receive no payment and shall be discharged to the fullest extent of all applicable law.

## ARTICLE 10
## DISTRIBUTION AGENT

The Debtor or the Reorganized Debtor, as the case may be, shall make all distributions provided for under this Plan and shall not be required to post any bond to secure its performance as Distribution Agent hereunder. Any distribution required to be made through Debtor's counsel's trust account, shall be considered to be made by Debtor.

## ARTICLE 11
## REQUEST FOR AND EFFECT OF CONFIRMATION

**11.1.** The Debtor hereby requests confirmation of this Plan pursuant to Section 1129(b), and hereby give Notice of its intent to obtain confirmation pursuant thereto.

**11.2.** On the Effective Date, Confirmation of this Plan shall have, *inter alia*, the following effects:

**11.2.1.** Unless expressly provided in this Plan, all claims against the Debtor or the bankruptcy estate shall be discharged, and only those obligations set out in this Plan shall be legally enforceable against the Reorganized Debtor.

**11.2.2.** All assets of the Debtor, and all property of the bankruptcy estate, including rights, claims or causes of action described in Paragraph 7.6., shall vest in the Reorganized Debtor, subject only to the liens and claims provided for in this Plan. Such vesting shall have the same effect as a decree of quiet title to all such property in the Reorganized Debtor as against the claims of any person, and shall be subject only to the liens expressly provided for, or expressly preserved in the Plan. Any action pending pre-petition in any other Court against the Debtor which was stayed by the filing of the Petition herein shall be rendered moot by the confirmation of this Plan, and the parties thereto shall have the obligation to execute such pleadings as are necessary to dismiss such actions as to the Reorganized Debtor.

**11.2.3.** All Collateral Orders and Orders providing adequate protection for claims shall cease to have force and effect. Any liens provided in any such orders shall survive to the extent necessary to secure the amounts for which such liens were created.

**11.2.4**. Any official Committee formed or constituted during this Proceeding shall cease to exist upon the Effective Date, and all powers of such committee shall cease to exist.

**11.3.** Until the Effective Date, nothing contained in this Plan, or in the Disclosure Statements related to any Plan shall have legal force or effect, nor shall anything set out in any Plan or Disclosure Statement constitute an admission by the Debtor as to any claim treated herein, in that this Plan and any related Disclosure Statement is the Debtor's offer to settle each and every claim treated herein.

**11.4.** This Plan is the Debtor's voluntary, good faith effort to resolve all matters dealt with herein, and all claims treated herein. Until conclusion of a hearing on confirmation of this Plan, Debtor reserves the right to withdraw this Plan from consideration for confirmation.

Respectfully submitted,
Moore, Berkson & Gandarilla, P.C.
Counsel for Debtor
s/ submitted electronically March 15, 2012
George M. Moore
Arin E. Berkson
PO Box 7459
Albuquerque, NM 87194
(505) 242-1218
Fax 242-2836
mbglaw@swcp.com

M:\Ghaffari\Plan\Plan 3-12-12.wpd