**IT IS ORDERED**

**Date Entered on Docket: June 10, 2020**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re: | Case No. 11-12331-t11 |
| Linda Rose Ghaffari, | Chapter: 11 |
| Debtor(s) | |

**DEFAULT ORDER TERMINATION OF AUTOMATIC STAY UPON NON-PAYMENT FOR THE REAL PROPERTY LOCATED AT 9531 VIA SALERNO, UNIT 33, BURBANK, CA 91504**

THIS MATTER came before the Court on the Notice of Acceleration with 30 Days to Cure filed on April 9, 2020, Docket No. 175 (the "Notice") by Nationstar Mortgage LLC d/b/a Mr. Coper as servicer for U.S. Bank National Association, as Trustee, Successor in interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2007-1, its successors and/or assigns ("Secured Creditor"). The Court, having reviewed the record and the Notice, and being otherwise sufficiently informed, FINDS:

1. On April 9, 2020, Secured Creditor served the Notice on the U.S. Trustee, and on Debtor's counsels, Joel Alan Gaffney and Mark S. Sweetman, by United States first class mail

1

and by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Debtor(s) and the 20 Largest Unsecured Creditors by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

2. The Notice relates to the real Property located at 9531 Via Salerno, Unit 33, Burbank, CA 91504 ("Property").

3. The Notice specified an objection deadline of 30 days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on May 12, 2020;

6. As of June 8, 2020, neither Debtor(s) nor any other party in interest, filed an objection to the Notice;

7. The Notice is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on June 8, 2020, Dyane Martinez, a Legal Assistant of Weinstein & Riley, P.S. searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), the automatic stay of lien enforcement is terminated as to Movant:

    a. To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements

and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

      b.      To exercise any other right or remedy available to them under law or equity with respect to the Property.

      2.      The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor(s), although Debtor(s) can be named as a defendant\defendants in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

      3.      This Order does not waive Movant's claim against the estate for any deficiency owed by Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim for this bankruptcy case within 30 days after a foreclosure sale of the Property should it claim that Debtor(s) owe(s) any amount after the sale of the Property.

      4.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

      5.      This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

      6.      Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor(s) and to enter into a loan modification with Debtor(s).

XXX END OF ORDER XXX

Submitted by:


/s/ Elizabeth V. Friedenstein
Elizabeth V. Friedenstein
Weinstein & Riley, P.S.
5801 Osuna Road NE, Suite A103
Albuquerque, NM 87109
Direct: 505-348-3075
Fax: 505-214-5116
Email: ElizabethF@w-legal.com
Attorney for Secured Creditor


Copies to:

Linda Rose Ghaffari
9531 Via Salemo
Burbank, CA 91504


Joel Alan Gaffney
Gaffney Law, PC
6565 America's Parkway #200
Albuquerque, NM 87110

Mark S Sweetman
PO Box 397
Clovis, NM 88102-0397

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Jaime A. Pena
Office of the U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103-0608